**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40654

THE GREAT AMERICAN RESTAURANT COMPANY

Plaintiff - Appellant

v.

DOMINO's PIZZA LLC; DOMINO'S INC; DOMINO'S PIZZA INC

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-52

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The Great American Restaurant Company ("Great American") owns and operates a chain of restaurants in the Dallas, Texas, area called "Brooklyn's Old Neighborhood Style Pizzeria" ("Brooklyn's"). Brooklyn's has a registered trademark in the name of the pizzeria and one in the phrase "A taste of the old neighborhood." Appellees Domino's Pizza LLC, et al. ("Domino's") introduced a style of pizza they called "Brooklyn Style Pizza" ("BSP"), and initially used the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

phrase "A taste of the old neighborhood" to advertize the pizza. Great American filed claims against Domino's under both the Lanham Act and the common law alleging trademark infringement of both of its trademarks.

We review a district court's grant of summary judgment *de novo*. *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When evaluating a summary judgment motion, we resolve all reasonable inferences in favor of the nonmoving party and do not weigh the strength of the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Two central factual issues were contested at trial and on appeal. First, the parties dispute whether "BSP" is generic or descriptive. If it is simply generic, it cannot legally infringe on any mark. *Small Bus. Assistance Corp. v. Clear Channel Broad., Inc.*, 210 F.3d 278, 279 (5th Cir. 2000) ("A trademark cannot be infringed by the generic term for the product it designates."). If "BSP" is descriptive, on the other hand, it has the potential to infringe absent a showing of the affirmative defense of fair use, which Domino's did not raise. Second, Domino's contended that there was no likelihood of confusion as to source between Domino's "BSP" and Brooklyn's pizzerias. Summary judgment was improper if there was a genuine issue of material fact with respect to whether Domino's use of the phrase created a likelihood of confusion, if there was also a genuine issue of material fact with respect to whether the phrase "Brooklyn Style Pizza" is merely generic. Here, there were material factual issues on both of these questions.

There was evidence from multiple sources indicating that there is no such thing as a "Brooklyn style pizza," meaning that the phrase could not be generic

or even descriptive. There was also a factual dispute as to what the term would describe (that is, whether it was another term for a New York style pizza or described a different type of pizza altogether), casting further doubt on the phrase's characterization as generic or descriptive.

Furthermore, Great American presented evidence indicating a likelihood of confusion caused by Domino's use of "BSP." This court assesses the likelihood of confusion using a list of several nonexclusive factors, or "digits," including, among others, the similarity of the marks, the similarity of the products, and actual confusion. *Scott Fetzer Co. v. House of Vacuums, Inc.* 381 F.3d 477, 484-85 (5th Cir. 2004). In addition, although this court has never analyzed a case of reverse confusion in the infringement context (which arises when, as here, a larger and more well known company uses the mark of a smaller senior user), other courts have addressed the "commercial strength" of the junior user's mark when assessing reverse confusion. *A&H Sportswear, Inc., v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 230 (3d Cir. 2000).

Great American presented direct evidence relating to actual confusion in the form of testimony from Brooklyn's managers who received calls from customers attempting to use Domino's coupons. Evidence of the likelihood of confusion also arose from the fact that the Domino's phrase was so similar to Brooklyn's trademark. Domino's use of the exact words of Brooklyn's trademarked slogan "A taste of the old neighborhood" for ten months can lead to an additional inference of likely confusion, notwithstanding Domino's eventual discontinuation of the slogan. Although Domino's presented evidence that Brooklyn's pizzerias and Domino's pizzas were different products, a factual issue as to their similarity remained based on the fact that both companies are in the pizza-delivery business. Finally, there was evidence indicating that "BSP" had acquired secondary meaning associating it with Domino's due to Domino's

extensive advertising campaign; such evidence of the "commercial strength" of the defendants' mark is probative in cases of reverse confusion.

We do not comment on the strength of this evidence. We do find, however, that Great American has presented enough evidence to create a genuine issue of material fact, such that the case, on this record, cannot be decided on summary judgment.[1]

For the reasons stated above, the summary judgment is VACATED and the case is REMANDED for further proceedings.

VACATED and REMANDED.

---

[1] Inasmuch as we find that the evidence leaves disputed issues of material fact to be decided with respect to liability, we do not reach the issues relating to experts and damages.